UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR 08-79 ML
:
JOSE-MIGUEL HILARIO :

**REPORT AND RECOMMENDATION**
**THAT DEFENDANT BE PROHIBITED FROM FUTURE FILINGS**
**WITHOUT FIRST OBTAINING PERMISSION OF JUDGE**

David L. Martin, United States Magistrate Judge

Since being sentenced on July 29, 2009, in the above entitled indictment to a term of imprisonment of 150 months, Defendant Jose-Miguel Hilario ("Defendant" or "Hilario"), has filed (or attempted to file) numerous incomprehensible documents. See Docket ("Dkt.") #11 (Letter from Hilario to Lisi, C.J., of 1/14/10 with attached letter to Clerk); Dkt. #12 (documents identified variously as a "BOND," "BONDED PROMISSORY NOTE," and "FIDUCIARY INSTRUCTIONS"); Dkt. #13 (Letter from Hilario to Lisi, C.J., of 1/3/11); Dkt. #14 ("NOTICE" and "AFFIDAVIT OF NOTICE OF DEFAULT"); Dkt. #15 ("NOTICE" and Letter from Hilario to Lisi, C.J., of 4/7/11[1]).

---

[1] The April 7, 2011, letter from Hilario to Chief Judge Mary M. Lisi included the following "CAVEAT," Letter at 2:

> THEREFORE, I give you ONE last opportunity to cure yur [sic] fault, I give you for your benefit a additional thirty (30) days to CURE your DISHONOR! If after all of this you still refuse and fail to comply with my order

On June 1, 2011, this Magistrate Judge entered an order refusing documents which Hilario had submitted to the Clerk's Office for filing. See Order (Dkt. #16) ("Order of 6/1/11"). As indicated in the Order of 6/1/11, the documents were refused because the filing as a whole was incomprehensible. See id. They were also rejected because none of them included the full caption showing the names of all parties as required by District of Rhode Island Local Rule ("DRI LR") Cv 5(a).[2] See id.

On June 21, 2011, this Magistrate Judge issued another order refusing documents which Defendant had submitted for filing. See

---

and do not do your fiduciary duty then I will report you to the Governor and the Comptroller of your State, the Internal Revenue Service and the United States Attorney in your area.

Id. at 2 (bold omitted).

[2] DRI LR Cv 5(a) provides:

(a) Form and Content of Documents. All documents filed in a civil case shall be on 8 ½" x 11" paper and shall include the following:

(1) Captions. **Any pleading or other document asserting a claim or counterclaim of any type shall include the full caption showing the names of all parties.** Documents filed after a case is docketed shall also include the name, case number and initial(s) of the judge to whom the case has been assigned.

(2) Titles. All documents shall bear a title that concisely states the precise nature of the document and identifies the party filing it.

DRI LR Cv 5(a) (bold added).

Order (Dkt. #17) ("Order of 6/21/11"). The Order of 6/21/11 indicated that the documents were refused because the filing as a whole was "incomprehensible." Id. The documents were also rejected because they contained personal identifiers in violation of Federal Rule of Criminal Procedure 49.1 and these identifiers had not been redacted. See id.

On July 6, 2011, the Clerk's Office received from Defendant documents similar or identical to those which the Court had rejected on June 1 and 21, 2011. The Court also received a copy of the Order of 6/21/11, with handwritten notation by Defendant, apparently directed to this Magistrate Judge, which states in part: "this is a private contract and transaction, why are you a third party answering?"

Hilario appears not to understand that there is no action pending in this Court in which his documents may be filed. His criminal case (CR 08-79 ML) was closed following his sentencing on July 29, 2009. To the extent that the documents he is attempting to file may pertain to that criminal case, they are too incomprehensible to be accepted. To the extent that Hilario is attempting to bring a new action against some person or body, he must file a complaint which complies with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a).[3] His attempted filings to date

---

[3] Fed. R. Civ. P. 8(a) provides:

(a) Claim for Relief. A pleading that states a claim for

fail to satisfy this standard. Hilario's statement that "this is a private contract and transaction" suggests that he may be attempting to bring an action based on some perceived contractual obligation, but what that contract is or who it is between is impossible to discern from his confused writings.

Accordingly, **I recommend that Defendant be prohibited from filing any further motions or other documents <u>in</u> <u>this</u> <u>matter</u> (CR 08-79 ML) without first obtaining permission from a judge of this Court**. See <u>Cok v. Family Court of Rhode Island</u>, 985 F.2d 32, 34 (1st Cir. 1993)("Federal courts plainly possess discretionary power to regulate the conduct of abusive litigants."); <u>id.</u> at 36 ("We have not hesitated to uphold injunctions that were narrowly drawn to counter the specific offending conduct."). I make this recommendation because Hilario's incomprehensible filing(s) in a case that has been closed have become burdensome and an abuse of

---

    relief must contain:

        (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

        (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

        (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

4

the judicial system.

## Conclusion

Accordingly, for the reasons stated above, I recommend that Hilario be prohibited from filing any further motions or other documents in this matter (CR 08-79 ML) without first obtaining permission from a judge of this Court. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ *David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
July 8, 2011